**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                    **Criminal Action No. 5:09cr32-5**
                                                                          **(Judge Stamp)**

**DANIEL BRADLEY,**

      **Defendant.**

**Memorandum, Opinion, and Order**

**A. Defendant's Motions**

**1. Motion for Disclosure of Presentence Reports and Related Documents of Government Witnesses**

Defendant moves this Court to conduct an *in camera* investigation of Presentence Reports and Addendum to Presentence Reports for any and all government witnesses to determine if they contain any Brady or Giglio material. Specifically, defendant asks the Court to review:

    1. Evidence that the witness used controlled substances during the time periods alleged in the indictment;

    2. Evidence that the witness has recently used controlled substances, particularly evidence that the witness violated his conditions of pretrial release by using a controlled substance;

    3. Evidence that the witness has been untruthful, particularly if it resulted in a denial of the reduction for acceptance of responsibility or enhancement for obstruction of justice;

    4. Evidence that the witness suffers from a mental disease or defect or addiction;

    5. Evidence that the witness attempted to minimize his role in the alleged crime;

    6. The entire criminal history as reflected in the Presentence Report;

7. Any other indication within the report or the addendum which would tend to show that the witness is unreliable and/or would be considered impeachment evidence;

8. The government's version of the offense that will contain relevant conduct as it relates to that witness;

9. The witness's version of his involvement in the offense of conviction.

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." United States v. Agurs, 427 U.S. 97, 106-07 (1976) citing Brady v. Maryland, 373 U.S. 83, 87 (1963). "Favorable" evidence includes any evidence affecting the credibility of the Government's witnesses. United States v. Trevino, 89 F.3d 187, 189 (4th Cir. 1996). "Evidence is 'material' if there is a reasonable probability that it will affect th result of the proceeding." Id. The request for Brady materials by a defendant must be made with sufficient specificity to identify the materials. United States v. Billups, 692 F.2d 320, 325-26 (4th Cir. 1982). However, a defendant cannot use Brady requests as a tool to broaden discovery. "There is no constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). United States v. Polowichak, 783 F.2d 410, 414 (4th Cir. 1986). If it cannot be agreed upon whether certain materials are subject to disclosure, the Supreme Court has approved *in camera* inspection and determination by the trial court. Pennsylvania v. Ritchie, 480 U.S. 39, 54-55 (1987).

Giglio material, closely related to Brady material, is evidence that could be used to impeach government witnesses. The Giglio rule states that evidence that could be used to impeach government witnesses must be disclosed to a defendant. Giglio v. United States, 405 U.S. 150 (1972). Giglio material includes evidence or information tending to discredit or

2

impeach the credibility of any government witness. Classic examples of Giglio material are plea agreements and prior criminal records, if known to the government. See, e.g., Giglio at 154-55; Chavis v. North Carolina, 637 F.2d 213, 225 (4th Cir. 1980); and United States v. Sutton, 542 F.2d 1239, 1243 (4th Cir. 1976). "[A] district court is under no duty to conduct an *in camera* examination of a requested [Presentence Report] unless the accused has first clearly specified the information in the report that he expects will reveal exculpatory or impeachment evidence. . . .Further. . . an accused must plainly articulate how the information contained in the [Presentence Report] will be both material and favorable to his defense." Trevino at 192.

"'[I]nformation contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice.'" United States v. Figurski, 545 F.2d 389, 390 (4th Cir. 1976) quoting Hancock Bros. v. Jones, 293 F.Supp. 1229, 1233 (N.D.Cal. 1968). The test set forth in Figurski dealing with whether to disclose a presentence report to a third person states:

> "If the report contains exculpatory material, that part of the report must be disclosed. If the report contains only material impeaching the witness, disclosure is required only when there is a reasonable likelihood of affecting the trier of fact."

Id. at 391. Many different factors can affect the likelihood of affecting a trier of fact. Id. These factors include the "importance of the witness to the government's case, the extent to which the witness has already been impeached, and the significance of the new impeaching material on the witness's credibility." Id. at 391-92 Once reviewed *in camera*, only the portions that pertain to the test articulated above must be disclosed. Id. at 392. If the Court chooses to deny the disclosure of these materials, "the denial should be an informed one based upon the district court's conclusion that the information contained therein fails to meet the prescribed test." Id.

3

The government contends in its Response that there is one confidential informant that has a presentence investigation report prepared on him. The confidential informant was a federal defendant in a multi-count drug indictment involving cocaine hydrochloride. The government asserts that this indictment was unrelated to defendant's investigation and that it does not believe the presentence reports are relevant to this case. The government, however, does not object to an *in camera* review of the report for any Brady or Giglio material. The other confidential informant in this case previously plead to a misdemeanor theft charge and does not have a presentence report prepared for him.

The Court conducted an *in camera* review of the presentence reports for the applicable confidential informant and has determined that the government should disclose the following:

1. The total drug relevant conduct;

2. The circumstances related to the three controlled buys (only two were the offense of conviction);

3. The criminal history and;

4. The witness' substance abuse history.

**2. Motion for Disclosure or an *In Camera* Hearing on Co-Conspirators' Statements**

Defendant is requesting that government disclose all statements, including communicative acts, which it intends to offer into evidence as co-conspirators' statements under Rule 801(d)(2)(E). Defendant also requests the name of the witness who will testify to each statement. Further, defendant requests an *in camera* hearing to determine the admissibility of said statements. Specifically, defendant is concerned with statements regarding whether a conspiracy existed, whether defendant participated in the conspiracy, and whether the statements at issue were made in furtherance and during the course of the conspiracy.

The government is not required to disclose statements of co-conspirators or co-defendants, whether or not the statements were made in response to official interrogation. United States v. Roberts, 811 F.2d 257 (4th Cir. 1987). An exception to this general rule is if disclosure is required by Jencks v. United States, 353 U.S. 657 (1957); Brady; or by Giglio.

Title 18, United States Code, Section 3500 states that a statement by a witness or prospective government witness is not subject to disclosure until after that witness has testified at trial. 18 U.S.C. § 3500(a). After direct examination, any and all statements regarding the subject matter about which the witness testified must be delivered to defendant by the government. 18 U.S.C. § 3500(b). And, if a conflict occurs regarding whether the statement is regarding the subject matter of the testimony, the material shall be delivered to the Court for an *in camera* review and determination. 18 U.S.C. § 3500(c). The purpose of this statute concerns the safety of the prospective witness regarding the statements made about defendant.

The Motion for Disclosure or an *In Camera* Hearing on Co-Conspirator's Statements is therefore denied.

### 3. Motion for Government's Intentions to Use Residual Hearsay Exception Under F.R.E. 807

Defendant requests, under Federal Rule of Evidence 807, that the government make it known to defendant its intention to use any statement not specifically covered by F.R.E. 803 and 804. Defendant also requests that the government provide notice of the particulars of the statement, including the name and address of the declarant. Rule 807, a residual exception to the hearsay rule, states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the

5

> statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. <u>However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.</u>

(emphasis added) F.R.E. 807.

"Open-ended" hearsay exception can be utilized for admission of evidence only if notice of an intention to rely on it is given in advance of trial. <u>United States v. Ruffin</u>, 575 F.2d 346 (2nd Cir. 1978). To admit hearsay under residual exception for unavailable declarants, district court must find that declarant is unavailable, statement bears circumstantial guarantees of trustworthiness equivalent to those that warrant admission of hearsay under other exceptions enumerated in rule, statement relates to material fact, statement is more probative on point for which it is offered than any other reasonably obtainable evidence, interests of justice are served by statement's admission, and <u>offering party has provided opposing party reasonable notice before trial of its intention to use statement</u>. (emphasis added) <u>United States v. Shaw</u>, 69 F.3d 1249 (4th Cir. 1995). The notice requirements of the residual hearsay rule are strictly construed. <u>United States v. Musal</u>, 421 F.Supp 2d. 1153 (S.D.Iowa 2006), *affirmed*, 484 F.3d 1068. The purpose of requirement that notice be given of an intent to offer evidence under the catchall exception to this rule is to give adverse parties an opportunity to attack the trustworthiness of the evidence. <u>Piva v. Xerox Corp.</u>, 654 F.2d 591 (9th Cir. 1981). There are numerous types of evidence that could possibly fall under this exception. See e.g., <u>United States v. Peneaux</u>, 432 F.3d 882 (8th Cir. 2005) (Child's prior out of court statements regarding defendant's sexual relations child, admitted through testimony of investigators under residual exception to hearsay

rule in defendant's trial on charges of aggravated sexual abuse of child under age of 12, was in interest of justice and consistent with requirements of rule, where trial testimony of child was inconsistent and at times unclear and testimony of investigators aided jury in its fact finding task to determine whether child's allegations were true); United States v. Baker, 985 F.2d 1248 (4th Cir. 1993) (Statement by money laundering defendant's girlfriend to special agent, that she and defendant drove truck that pulled boat allegedly purchased with drug proceeds, was admissible under catch-all exception to hearsay rule in case of unavailable declarant); *and* United States v. Workman, 860 F.2d 140 (4th Cir. 1988) (Tape-recorded statement of co-defendant who had entered agreement to cooperate with Government but who died prior to defendants' trial was admissible under catchall hearsay exception).

The government notes that they are not intending to use any evidence under the residual hearsay exception. Therefore, that motion is denied as moot.

**B. Decision**

Defendant's Motion for Disclosure of Presentence Reports and Related Documents of Government Witnesses is granted in part and denied in part as hereinabove set forth. The defendant's Motion for Disclosure or an *In Camera* Hearing of Co-Conspirator's Statements is denied. Defendant's Motion for Governments Intentions to Use Residual Hearsay Exception Under F.R.E. 807 is denied as moot.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set

7

forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.   Filing of objections does not stay this order.

The Clerk of the Court is directed to mail a copy of this Order to defendant and counsel of record.

**IT IS SO ORDERED**.

DATED: July 28, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE